UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DWAYNE MORRIS,
                             Plaintiff,               21 Civ. 8930 (LGS)

             -against-                         **OPINION AND ORDER**

CITY OF NEW YORK,
                             Defendant.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Dwayne Morris brings this action against Defendant the City of New York (the "City") asserting violations of 42 U.S.C. § 1983 and state law. Defendant moves to dismiss the First Amended Complaint (the "FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion is granted.

**I.   BACKGROUND**

The following facts are taken from the original complaint, the FAC and the documents attached to it.[1] *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021). The facts are construed in the light most favorable to Plaintiff as the non-moving party and presumed to be true only for the purpose of this motion. *Id.* at 299 n.1.

Plaintiff was a pretrial detainee on Rikers Island (the "Facility"). When Plaintiff was admitted on October 27, 2020, he tested negative for COVID-19. Plaintiff later tested positive for COVID-19 in May 2021. Plaintiff suffered mild respiratory failure, shortness of breath, fever, chest pains, severe headaches and was unable to sleep. After testing positive, Plaintiff was

---

[1] Although "[a]n amended pleading ordinarily supersedes the original and renders it of no legal effect," *Pettaway v. Nat'l Recovery Sols. LLC*, 955 F.3d 299, 303 (2d Cir. 2020), district courts may construe pro se original complaints and amended complaints together. *See, e.g.*, *Jackson v. Cuomo*, No. 20 Civ. 8930, 2022 WL 310154, at *2 n.6 (S.D.N.Y. Feb. 2, 2022).

quarantined pursuant to a fourteen-day quarantine policy and taken to "a little mobile type of hut with cells" that had "no breathing circulation." With respect to the fourteen-day quarantine policy, the FAC states that "without testing me and others put other people at risk," though the basis of the alleged risk is unclear as discussed below.

Fourteen people died on Rikers Island and one man hung himself. The FAC does not explain whether or how these deaths may have been related to COVID-19 and/or the Facility's policies relating to COVID-19. At one point, the Facility was "infested" with COVID-19. Plaintiff still suffers from shortness of breath and has problems sleeping as a result of his COVID-19 infection. While incarcerated, Plaintiff attempted to seek medical care but was told that he had an appointment at Bellevue Hospital, and then "made [to] miss it."

On October 29, 2021, Plaintiff filed this action. On November 18, 2021, Plaintiff's request to proceed *in forma pauperis* was granted. The parties appeared for an initial pretrial conference on February 9, 2022. During the conference, the Court explained the requirements for pleading a constitutional violation and municipal liability, which were memorialized in an Order dated February 10, 2022, and directed Plaintiff to file an amended complaint with those requirements in mind. On February 18, 2022, Plaintiff filed the FAC. This motion followed. Plaintiff did not file any opposition.

## II.   LEGAL STANDARDS

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. Blanckensee,* 994 F.3d 95, 101 (2d Cir. 2021) (internal quotation marks omitted). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021). To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

A pro se litigant's papers must be construed liberally "to raise the strongest arguments they suggest." *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).

### III. DISCUSSION

For the following reasons, Defendant's motion to dismiss is granted, and the Court declines to exercise supplemental jurisdiction over the state law claim.

#### A. Federal Claims

Liberally construed, the FAC asserts two claims under 42 U.S.C. § 1983 based on a violation of Plaintiff's due process rights under the Fourteenth Amendment and arising from: (1) unconstitutional conditions of confinement and (2) inadequate medical care.[2] For the following reasons, Defendant's motion to dismiss is granted.

---

[2] The original complaint asserted violations of the First, Eighth and Fourteenth Amendments and gross negligence. The FAC asserts violations of the First, Fourth and Eighth Amendments.

Section 1983 "does not itself confer any substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Vill. of Freeport v. Barrella*, 814 F.3d 594, 600 n.8 (2d Cir. 2016) (internal quotation marks omitted). To state a § 1983 claim, "a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (internal quotation mark omitted). Under the Supreme Court decision, *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978), "[m]unicipalities are liable under § 1983 only if the challenged conduct occurred "pursuant to a municipal policy or custom."" *Green*, 16 F.4th at 1077 (quoting *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004)). "To establish a claim for *Monell* liability, [the plaintiff] must show that the [City] had '(1) an official policy or custom that (2) cause[d] [him] to be subjected to (3) a denial of a constitutional right.'" *Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 354-55 (2d Cir. 2021). To satisfy the requirement of showing an official policy or custom, "a plaintiff may challenge an 'express rule or regulation,' or the plaintiff may allege that the challenged practice 'was so persistent or widespread as to constitute a custom or usage with the force of law' or that the facts 'imply the constructive acquiescence of senior policy-making officials.'" *Green*, 16 F.4th at 1077 (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 315 (2d Cir. 2015)).

---

Because "[a] pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight[h] Amendment," the FAC is construed as asserting a constitutional violation under the Fourteenth Amendment and not the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Liberally construed, the allegations do not relate to restrictions relating to religion, speech, press, assembly or petitioning, and thus are not read to assert a First Amendment violation.

1. Conditions of Confinement

"To state a claim of deliberate indifference under the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege both (a) conditions that objectively 'pose an unreasonable risk of serious damage to . . . health'; and (b) that the 'defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, *or should have known*, that the condition posed an excessive risk to health or safety.'" *Vega v. Semple*, 963 F.3d 259, 273-74 (2d Cir. 2020) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017)).

The conditions of confinement claim is dismissed because the FAC fails to allege facts sufficient to establish municipal liability under *Monell*. The FAC asserts a conditions of confinement claim on the ground that the Facility's housing practices failed to protect Plaintiff from contracting COVID-19. Liberally construed, the FAC identifies two potential policies or practices at issue: (1) mixed housing of symptomatic and asymptomatic inmates and (2) a fourteen-day quarantine. The FAC is insufficiently specific in describing what the challenged policies are or how they are unconstitutional. With respect to mixed housing of asymptomatic and symptomatic inmates, the FAC does not allege that this was an official policy, or a practice that "was so persistent or widespread as to constitute a custom or usage," *Green*, 16 F.4th at 1077 (internal quotation marks omitted). As to the fourteen-day quarantine rule, it is unclear from the facts alleged in the FAC whether (1) Plaintiff was asymptomatic when he tested positive but nevertheless subjected to the fourteen-day quarantine policy and exposed to individuals who were symptomatic, or (2) the fourteen-day policy was rigidly enforced such that individuals returned to the general population regardless of whether they were still symptomatic,

5

thereby putting the general population, including Plaintiff, at risk, or (3) some other risk caused by the inconsistent or improper enforcement of the fourteen-day quarantine policy.  If Plaintiff was quarantined despite being asymptomatic, the fact that he was housed with other inmates who tested positive for COVID-19 cannot form the basis of a constitutional violation because he was already infected with COVID-19.  *See Anilao v. Spota*, 27 F.4th 855, 874 (2d Cir. 2022) ("[I]nherent in the principle that a municipality can be liable under § 1983 only where its policies are the moving force [behind] the constitutional violation, is the concept that the plaintiff must show a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." (alteration in original)); *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 308 n.9 (internal quotation marks omitted) ("For purposes of a § 1983 claim under *Monell*, a plaintiff must demonstrate a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.").  If, prior to testing positive, Plaintiff was exposed to symptomatic inmates who had returned to the general population following the fourteen-day quarantine, the FAC would need factual allegations showing that Plaintiff was exposed to such individuals who were still contagious, and that the decision to release symptomatic, potentially contagious inmates into the general population was pursuant to an official municipal policy, an act by someone with "final policymaking authority," *Agosto v. N.Y. City Dep't of Educ.*, 982 F.3d 86, 98 (2d Cir. 2020), or practice that "was so persistent or widespread as to constitute a custom or usage," *Green*, 16 F.4th at 1077, and the official(s) acted intentionally, recklessly or with actual or constructive knowledge of the risk.  *Vega*, 963 F.3d at 273-74.  Without clear factual allegations, it is impossible to assess whether Plaintiff's constitutional rights were violated, and whether a city policy caused the violation.

2. <u>Inadequate Medical Care</u>

The inadequate medical claim is also dismissed because the FAC does not allege facts sufficient to establish municipal liability under *Monell*. The FAC alleges that Plaintiff "tried going to medical . . . and all they do is tell me. I had an appointment outside at Bellvue [sic] at then made miss it." Construed liberally, this could mean that Plaintiff was denied the opportunity to attend a doctor's appointment. As discussed above, this allegation is insufficient to allege *Monell* liability because it does not allege that the denial of medical care was part of an official policy or custom, nor does it provide sufficient facts describing the circumstances of the denial, including when it occurred, what injuries followed and who was responsible. To the extent this was an isolated incident, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy . . . ." *Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (plurality opinion); *accord King v. MetroPlus Health Plan, Inc.*, No. 19-464, 2021 WL 5858923, at *81 (2d Cir. Dec. 10, 2021) (summary order); *see also Dumel v. Westchester Cnty*, No. 19 Civ. 2161, 2021 WL 738365, at *5 (S.D.N.Y. Feb. 25, 2021) (dismissing inadequate medical care claim where complaint conclusorily alleged a customary practice of providing unconstitutional medical treatment and failed to allege the existence of any other similar incidents or complaints); *Lopez v. City of N.Y.*, No. 19 Civ. 3887, 2021 WL 466974, at *7 (S.D.N.Y. Feb. 9, 2021) (dismissing inadequate medical claim, among other reasons, because the complaint failed to identify a policy or custom that caused the alleged injury); *Harris v. Viau*, No. 17 Civ. 9746, 2019 WL 1331632, at *4-5 (S.D.N.Y. Mar. 25, 2019) (dismissing inadequate medical care claim where complaint failed to allege any policy or custom that resulted in plaintiff's inadequate medical treatment).

The Court is sympathetic to the fact that detained individuals may be at a heightened risk of contracting COVID-19, *see Arias v. Decker*, 459 F. Supp. 3d 561, 570 (S.D.N.Y. 2020), and that Plaintiff, and many other inmates, have been infected with COVID-19. While it is unfortunate, and in some cases tragic, that Plaintiff and other inmates contracted COVID-19 while incarcerated, the law imposes liability on the City only if the COVID-19 infection and resulting injury were the result of an official policy or widespread practice, *Green*, 16 F.4th at 1077, and a government official acted with deliberate indifference, *Vega*, 963 F.3d at 259.

### B. State Law Claim

The original complaint asserted a gross negligence claim against Defendant. The Court declines to exercise supplemental jurisdiction over this state law claim. A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When "a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)); *accord Vaughn v. Phx. House N.Y., Inc.*, 957 F.3d 141, 146 (2d Cir. 2020) ("Because the District Court properly dismissed [the federal] claims, the only claims over which it had original jurisdiction, it did not abuse its discretion by declining to exercise supplemental jurisdiction over his [state law] claims.").

## IV. LEAVE TO REPLEAD

Plaintiff previously was granted leave to amend and provided instructions about what facts were required to be alleged. Because Plaintiff is pro se, he is given a final opportunity to amend the complaint and file a Second Amended Complaint. "Where a district court cannot rule out any possibility . . . that an amended complaint would succeed in stating a claim, a pro se

complaint should not be dismissed without granting leave to amend at least once." *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020) (internal quotation marks omitted).

Plaintiff is advised that if he intends to pursue the City of New York as a defendant in this action, the new complaint must allege facts showing that there was an official municipal policy or practice, and that the policy or practice caused a violation of Plaintiff's constitutional rights.

The amended complaint must plead a violation of Plaintiff's constitutional rights. To do so under the Fourteenth Amendment for deliberate indifference to Plaintiff's conditions of confinement and/or medical needs, the amended complaint must allege facts showing both (a) conditions of confinement and/or deprivations of medical care "objectively pose an unreasonable risk of serious damage to . . . health"; and (b) "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, *or should have known*, that the condition posed an excessive risk to health or safety." *Vega*, 963 F.3d at 273-74 (internal quotation marks omitted); *Charles v. Orange Cnty.*, 925 F.3d 73, 87 (2d Cir. 2019) (noting that the standard for a conditions confinement claim under the Fourteenth Amendment is the same as the standard for inadequate medical care claims).

If Plaintiff chooses to add individual defendants but does not know their names, he should name them "John Doe" or "Jane Doe" and allege facts explaining what each person did to violate his individual rights as described in the preceding paragraph, including facts to show the required intent and knowledge.

If Plaintiff chooses to seek permission to file a Second Amended Complaint, by **July 29, 2022**, he shall mail the proposed Second Amended Complaint to the Court's Pro Se Intake Unit at 500 Pearl Street, Room 200, New York, New York 10007, along with a letter explaining how the amended complaint addresses the deficiencies identified in this Opinion.

## V. CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED**. Plaintiff may seek leave to replead as provided above. The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Pro Se Plaintiff.

The Clerk of Court is respectfully directed to close the motion at Docket Number 23.

Dated: July 8, 2022
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE